**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4869**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

WILLIAM PRESTON DRAKE,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., Chief District Judge. (1:05-cr-00022-JAB-3)

Submitted:  June 10, 2011         Decided:  June 28, 2011

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas H. Johnson, Jr., GRAY, JOHNSON & LAWSON, LLP, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Preston Drake appeals the twenty-four month sentence he received upon revocation of his supervised release. The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). Thus, this court will affirm a sentence imposed after revocation of supervised release if it is within the governing statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). Before determining whether the sentence is "plainly unreasonable" we must decide whether it is unreasonable. Id. at 438. In doing so, we "follow generally the procedural and substantive considerations" used in reviewing original sentences. Id. For the reasons stated below, we affirm.

A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter 7 of the Guidelines and the applicable 18 U.S.C. § 3553(a) (2006) factors, id. at 440, and has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440.

If, after considering the above, we are convinced that the sentence is not unreasonable, we will affirm. Id. at 439. In this initial inquiry, this court takes a more deferential posture concerning issues of fact and the exercise of discretion than it does in applying the reasonableness review to post-conviction guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007).

Under our deferential standard of review, Drake's sentence is not plainly unreasonable. After the district court expressly considered the applicable Chapter 7 policy statement and the advisory revocation Guidelines range of twenty-one to twenty-four months, the district court imposed a within-Guidelines twenty-four month sentence. It thoroughly explained its rationale for the sentence, drawing on several of the § 3553(a) factors, including Drake's history and characteristics, emphasizing his history of recidivism; the need to protect the public from his further crimes; and the need to deter Drake from continued criminal activity. Thus, the district court met its obligation to "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority," Rita v. United States, 551 U.S. 338, 356 (2007), and stated a proper basis for its imposition of the chosen sentence, Crudup, 461 F.3d at 440.

Accordingly, we conclude that Drake's twenty-four month sentence is reasonable. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED